# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN HARRIS,<br><br>    Petitioner,<br><br>  v.<br><br>COUNTY OF KERN,<br><br>    Respondent. | Case No. 1:18-cv-00819-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On June 15, 2018, Petitioner filed the instant petition for writ of habeas corpus challenging his 2018 Kern County Superior Court conviction for attempt to manufacture a weapon by a prisoner, in violation of California Penal Code section 4502(b). (ECF No. 1). On June 18, 2018, the Court issued prisoner new case documents and served those documents on Petitioner. (ECF No. 3). The Court also granted Petitioner's motion to proceed in forma pauperis and served the order on Petitioner. (ECF No. 4). On June 19, 2018, the Court ordered Petitioner to show cause why the petition should not be dismissed for nonexhaustion. (ECF No. 5). That same day, the order to show cause was served on Petitioner and contained notice that a response

should be filed within thirty days of the date of service of the order. On June 28, 2018, the order to show cause was returned to the Court as "undeliverable" with a notation that Petitioner was "not in custody." On July 2, 2018, the prisoner new case documents and order granting in forma pauperis status were returned to the Court as "undeliverable" with a notation that Petitioner was "not in custody." If mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the Court within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, the petition states that Petitioner did not file a direct appeal and did not file any state habeas petitions. (ECF No. 1 at 2–3, 5–7, 9–10, 12).[1] It is possible that Petitioner presented all of his claims to the California Supreme Court and failed to indicate this to the Court, but as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

exhaust his claims in the instant petition. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

**B. Failure to Prosecute**

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the Court within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable and the notation that Petitioner is "not in custody." Therefore, the petition also should be dismissed for failure to prosecute.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for nonexhaustion and failure to prosecute.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

3

**FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 13, 2018**

UNITED STATES MAGISTRATE JUDGE